UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANDRES GOMEZ,

      Plaintiff,

v.                                                      Case No: 5:19-cv-29-Oc-30PRL

MARION COUNTY, FLORIDA

      Defendant.

_____

## REPORT AND RECOMMENDATION[1]

Defendant, Marion County, Florida, has filed a motion to dismiss the claims under the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act.[2] (Doc. 5). Plaintiff, Andres Gomez, has filed a response. (Doc. 6). On referral from the district court and upon review, I submit that the complaint is due to be dismissed without prejudice.

## I.  BACKGROUND[3]

According to the complaint, Plaintiff is a resident of Florida and legally blind, which qualifies him as an individual with a disability for the purposes of the ADA. (Doc. 1 ¶15). *See* 28 C.F.R. § 35.108 (defining "disability"). Due to his disability, Plaintiff alleges that he requires certain screen-reading technology to access internet content. (Doc. ¶17). Plaintiff further alleges

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] "Discrimination claims under the ADA and the Rehabilitation Act are governed by the same standards, and the two claims are generally discussed together." *J.S., ex rel. J.S., Jr. v. Houston Cty. Bd. of Educ.*, 877 F.3d 979, 985 (11th Cir. 2017).

[3] At this stage in the proceedings, the facts alleged in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010).

that Marion County is a local government and public entity subject to Title II of the ADA, which prohibits state and local governments from discriminating against persons with disabilities in "services, programs, or activities." (Doc. 1 ¶20). 42 U.S.C. § 12132.

Plaintiff maintains that one such service of Marion County is the county's website, marioncountyfl.org, which contains information regarding living in and visiting Marion County. (Doc. 1 ¶22). The website contains information on adult library services, community events, and a guide to recycling and trash disposal as well as information on county policies and legislative actions. (Doc. 1 ¶¶ 23–24).

Plaintiff alleges that on September 2018, he attempted to "educate[] himself about the quality of life and governmental functioning in Marion County and the issues of concern for Marion County" but was not able to do so because the website is not accessible to persons with visual impairments. (Doc. 1 ¶¶30, 31). Accordingly, he sent the County a letter on September 21, 2018, requesting the county "provide its Website in a fully accessible format."[4]  (Doc. 1 ¶33) When he received no response, he brought this lawsuit alleging violations of the ADA (Count I) and § 504 of the Rehabilitation Act (Count II). (Doc. 1). He seeks a declaratory judgment that the county has violated the ADA and § 504, along with a permanent injunction, damages, and attorney's fees.

## II.   LEGAL STANDARD

The bare minimum a plaintiff must set forth in his complaint is found in Fed. R. Civ. P. 8. Under Rule 8, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has explained, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that while particularity is not required under Fed. R. Civ.

---

[4]  The complaint states that the letter is attached, but no such letter has been filed.

P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). In short, to survive a motion to dismiss a plaintiff must allege something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, the court will "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n*, 605 F.3d at 1290. Then, "where there are well-pleaded factual allegations," the court will "'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

In applying this two-step approach to determine the complaint's sufficiency under Rule 8 (and in turn the plausibility of the claims), the Eleventh Circuit limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Further, the Court can infer "'obvious alternative explanations,' which suggest lawful conduct

rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Iqbal*, 556 U.S. at 682).

## III.   DISCUSSION

Among other things, Defendant argues that this case should be dismissed as moot because it is in the process of developing a more accessible website and because, in the interim, Plaintiff can utilize a widget to better utilize the site while the development is implemented. Mootness is a threshold question. Where mootness exists, the court is obliged to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007). Without deciding the mootness issue, the Court notes that Defendant's motion addresses related pleading deficiencies with respect to the Court's jurisdiction. Specifically, Defendant's motion highlights Plaintiff's focus on his grievance with the website design itself and failure to request a reasonable accommodation, which would reveal what the Plaintiff was prevented from doing on the website and how that failure impacted him. In short, it reveals another jurisdictional question: standing.

Of course, the party "invoking federal jurisdiction bears the burden of establishing" standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Although the issue of standing is not directly raised in Marion County's motion to dismiss, standing is rooted in "fundamental limits" in the court's power—namely, the limitation that courts may only adjudicate actual cases and controversies—and, thus, may be raised at any time, including by the court *sua sponte*. *See A&M Gerber Chiropractic, LLC v. GEICO Gen. Ins. Co.*, No. 17-15606, 2019 WL 1746869, at *3 (11th Cir. April 19, 2019). To establish standing at the pleading stage, plaintiff must allege facts showing he suffered an "'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*,

504 U.S. at 560 (citations omitted). To have standing to seek injunctive relief, as Plaintiff does here, a plaintiff must allege the "threat of a *future* injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001).

Plaintiff's claim is similar to a number of pending claims alleging a private or public entity has violated the ADA by failing to make its web site accessible to persons with visual impairments. The district court's recent order in *Price v. City of Ocala*, No. 5:19-cv-39, slip op. [Doc. 11] (April 22, 2019 M.D. Fla.), clarifies the standards for assessing standing in ADA website claims against public entities under Title II. In *Price* (where the plaintiff there was represented by the same attorney here), the court identified three factors relevant to assessing standing: "(1) plaintiff's connection with the defendant governmental entity; (2) the type of information that is inaccessible; and (3) the relation between the inaccessibility and a plaintiff's alleged future harm." (Doc. 11, p. 17). None of the factors are dispositive nor are they exclusive.

### A. Plaintiff's Connection to Marion County

As in *Price*, Plaintiff here has not alleged that he is a resident of Marion County or that he has any concrete plan to move there or even to visit. *See Price*, slip op. at 19. Instead, Plaintiff merely alleges that he is "an active and social Florida resident" and "interested in the quality of life, level of environmental concern . . . which would make Marion County a viable visiting and living option." (Doc. 1 ¶29). Nowhere in the complaint does Plaintiff allege any plan to visit Marion County—not even a vague "some day" intention—let alone a connection to Marion County that suggests Plaintiff is harmed by the County's failure to provide an accessible website. *Cf. Lujan*, 504 U.S. at 564 (finding that "'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of

the 'actual or imminent' injury that our cases require"). This factor weighs against finding an immediate threat of future injury or an ongoing injury.

### B.  Type of Information Sought

As in *Price*, Plaintiff here has not alleged what information he sought from the website that was inaccessible. While he identifies generally the types of information provided on the website and provides some examples of the type of information that could be found on the website, it appears these allegations are merely illustrative of the information available on the County's website. (Doc. 1 ¶¶23, 24). Plaintiff does not allege to what specific information he was denied access and for what purpose. This factor again weighs against finding a concrete injury.

### C.  Relationship to Future Harm

Finally, Plaintiff generically alleges that his "inability to access Defendant's website has resulted in a *virtual barrier* which has impaired, obstructed, hindered, and impeded Plaintiff's ability to become an involved citizen in Marion County and to learn about the programs, services and activities available to residents (and to visitors) of Marion County." (Doc. 1 ¶41). Plaintiff has not alleged specifically how he was harmed by the County's website beyond alleging that he was unable to "learn about" the County's activities. This sort of generic allegation does not show a concrete injury and is nearly equivalent to an allegation that the inaccessibility of the information is itself the harm. Plaintiff has not alleged any specific harms to him or his future activities. As such, this factor also weighs against finding an injury in fact.

In sum, Plaintiff fails to allege a connection to Marion County or specify what information was made inaccessible to him and what harm that inaccessibly caused him or will cause him in the future. For these reasons, Plaintiff has failed to allege sufficient facts to show standing to pursue his claims.

## IV.    RECOMMENDATION

Accordingly, it is **RECOMMENDED** that Marion County's motion to dismiss be **granted**.

**Recommended** in Ocala, Florida on May 10, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy